**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO RAFAEL ESCAMILLA-SERRANO; BRAYAN RAFAEL ESCAMILLA-DURAN, Petitioners, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71302 Agency Nos. A208-170-228 A208-170-229 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Armando Rafael Escamilla-Serrano and Brayan Rafael Escamilla-Duran,

natives and citizens of El Salvador, petition for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's decision

denying their applications for asylum, withholding of removal, and relief under the

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

As to Escamilla-Duran, substantial evidence supports the finding that he failed to establish that the harm he experienced or fears was or would be on account of his family membership, membership in the group "young El Salvadoran men who refuse gang recruitment based on political opinion," anti-gang political opinion, or religion. *See INS v. Elias-Zacarias,* 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (resistance to gang recruitment, without more, does not establish political opinion) *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013).

As to Escamilla-Serrano, substantial evidence supports the determination that he did not establish a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

We lack jurisdiction to consider the protected grounds petitioners assert for the first time in their opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004*)* (court lacks jurisdiction to review claims not presented below).

Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the denial of CAT relief because petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's July 29, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**